Earl D. Wilder
DOC #128439, NCCF
PO Box A
New Castle, IN 47362

Clerk of the
U.S. 7th Cir. Ct. of Appeals
219 S. Dearborn St.
Chicago, IL 60604-1874

March 12, 2024

Re: Wilder v. Sheriff, Appeal No. 24-1069

Dear Clerk:

Please file the enclosed pleading with the Court for review and disposition.

Thank you for your help.

Respectfully,

Earl D. Wilder

U.S.C.A. — 7th Circuit
RECEIVED
MAR 18 2024

UNITED STATES
SEVENTH CIRCUIT
COURT OF APPEALS

Earl D. Wilder,
Appellant,

v.

Sheriff, Jerry Asher, Howard County
Criminal Justice Center, et al.,
Appellee.

Appeal No. 24-1869

Amendments/Supplements to Request for Certificate of Appealability

Pursuant to Fed. Civ. R. 15(c) and (d), Appellant pro se, Earl D. Wilder ("Wilder"), now submits Amendments and Supplements to his original Request for Certificate of Appealability, ("Request"), in order to correct any defects therein and to argue claims that were either not available to, or not known by, him when he filed the original pleading.

Wilder sets forth the Amendments and Supplements as follows:

#1. Amend citation page reference in Request at 6, para. 13 to read as: "...Wilder v. Hunter, 190 N.E.3d 921, *10-*11 (Ind. App. 2022) will show...";

#2. Amend citation page reference in Request at 9, para. 23 to read as: "habeas claim as untimely. See Wilder, 190 N.E.3d at *11-*12.";

#3. Supplement with caselaw citation in Request at 10 para. 28 to read as: "...expired on July 7, 2021. See Wilder, 190 N.E.3d at *5. This is one year...";

#4. Supplement with caselaw citation in Request at 12, para. 33, to read as: "...in another jurisdiction. See Id at *12.";

#5. Supplement with caselaw citation in Request at 14, para. 38, to

read as:" ... Indiana's sentencing scheme. C.f. Paul supra. 'Therefore, [Wilder's] claim...";

#6. Supplement with quotation and caselaw citation in Request at 17, para. 47, to include and read as: "... probation violators were sentenced. In relation and contrary to such finding by the I.C.A., Seventh Circuit Chief Justice Eastbrook has observed that:' When those who appear to be similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference to assure that all persons subject to legislation or regulation are indeed being "treated alike, under like circumstances and conditions." See Del Marcello v. Brown Cnty. Corp., 680 F.3d 887, 903 (7th Cir. 2012) (observing 'legislative or regulatory classifications to 'apply without respect to persons') (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)....";

#7. Supplement to Request at 17 to para. 47 with footnote to read as:
* In its Opinion and Order at fn.5, the U.S. Dist. Court of N. Ind. S. Bend Div. finds that: "a federal court has no authority to 'second-guess state courts in interpreting state law.'" Yet, it seems to have done so in Rucker v. Warden, 2023 U.S. Dist. LEXIS 48418, *16-*18 (N.D. Ind., March 23, 2023)(Cause No. 3:19-CV-201 DRL).; and,

#8. Amendment to Request at 19 to correct "E. Conclusion." to read as "IV. Conclusion."

2.

Appellant respectfully requests that this Court on Appeal will accept the foregoing Amendments and Supplements for C.O.A. and grant him all just and proper relief for reasons stated and implied.

Respectfully submitted,

Signed on: March 12, 2024

Earl D. Wilder
Earl D. Wilder,
Appellant pro se.

## Certificate of Mailing

I certify that the foregoing pleading was placed in the U.S. Mail, via prison law library staff, to be delivered to the Clerk of the U.S. Seventh Circuit Court of Appeals at 219 S. Dearborn St., Chicago, IL 60604-1874 on this 12th day of March, 2024.

Earl D. Wilder
Earl D. Wilder,
Appellant pro se
DOC# 103439
NCCF
P.O. Box A
New Castle, IN 47362

Supplemental Authorities:

Del Marcelle v. Brown Cnty. Corp., 680 F.3d 887 (7th Cir. 2012);

Village of Willowbrook v. Olech, 528 U.S. 562 (2000); and,

Rucker v. Warden, 2023 U.S. Dist. LEXIS 48418 (N.D. Ind. 2023).